HERNÁNDEZ MENA, DEMANDANTE Y APELANTE, *v.* BLANCO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre daños y perjuicios ocasionados por *injunction.*

No. 1276.—Resuelto en julio 14, 1915.

DAÑOS Y PERJUICIOS—INJUNCTION—EMBARGO DE CRÉDITO POR SENTENCIA—CAUSA DE ACCIÓN COMO CONSECUENCIA DE UN INJUNCTION.—Si un crédito por sentencia es embargado y al tiempo de ejecutar la subasta ésta es suspendida por virtud de una orden de *injunction* y el poseedor del crédito pierde los beneficios de esa cantidad y el importe del sello para anotar su embargo,

no debido a la orden paralizando la subasta sino a la existencia de una reclamación pendiente contra él, no puede declararse que existe causa de acción por daños y perjuicios causados como consecuencia del *injunction.*

DEMANDA—HECHOS DETERMINANTES DE CAUSA DE ACCIÓN POR CANTIDAD INSUFICIENTE—JURISDICCIÓN ORIGINAL.—Cuando una demanda no aduce hechos determinantes de una causa 'de acción sino en cuanto a cierta cantidad que no es suficiente para dar jurisdicción original a una corte de distrito, no comete ésta error alguno al declararse sin jurisdicción para conocer de la misma.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Los apelados no comparecieron.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se trata en este caso de una demanda establecida por Agustín Hernández Mena contra Alejandrina Blanco Ramírez, Francisco Arán Cuascú, Blas Ramírez y Jaime Zapata en la que les cobra los perjuicios que alega haber sufrido porque cuando estaba ejecutando una sentencia que por cierta cantidad obtuvo contra la Sucesión de Inocencia Cuascú y estando anunciada la venta de bienes que para su pago había embargado, fué suspendido el remate por una orden de *injunction* decretada mediante la fianza que prestaron Blas Ramírez y Jaime Zapata en pleito de tercería establecido por Alejandrina Blanco Ramírez y Francisco Arán.

Mientras subsistía la prohibición, José Benet Colón embargó ese crédito reconocido por sentencia y después de declararse sin lugar la tercería y de dejarse sin efecto la orden de *injunction,* el demandante, alegando entre otras cosas que como consecuencia de la orden de *injunction* pudo Benet embargarle esa cantidad, reclama como perjuicios de la orden de *injunction* los siguientes:

"(a) Por efectivo pagado por sello de rentas internas para anotar el embargo trabado en 22 de octubre de 1912, en ejecución de la sentencia del caso No. 145 de la Corte Municipal de Mayagüez, en el registro de la propiedad_____ $4. 50

　　　Al frente _____ $4. 50

Del frente_____ $4.50

(*b*) Por efectivo pagado al Administrador del perió-
dico *La Voz de la Patria*, por la publicación del
edicto anunciando en venta en subasta pública
para el día 12 de noviembre de 1912, los bienes
embargados en 22 de octubre de 1912, en el caso
No. 145 de la Corte Municipal de Mayagüez_____    2.00

(*c*) Por importe para pago de honorarios a Don José
Sabater, como abogado de récord de Agustín Her-
nández Mena en el caso No. 3852, origen de esta
demanda_____    300.00

(*d*) Por efectivo al taquígrafo de la Corte de Distrito de
Mayagüez por una copia del récord taquigráfico
del caso No. 3852, con motivo del recurso de ape-
lación de la sentencia por los demandantes, para
ante la Hon. Corte Suprema de Puerto Rico____    8.00

(*e*) Por importe de la sentencia del caso No. 145 de la
Corte Municipal de Mayagüez embargado por José
Benet Colón, intereses y costas_____    562.35

(*f*) Por importe de lo dejado de ganar con las anteriores
cantidades, de que se ha visto privado el deman-
dante, sin justa causa_____    123.15

Suma total_____ $1,000.00''

Los demandados excepcionaron la demanda porque no
aduce hechos suficientes para constituir causa de acción; por-
que no aduce tampoco causa de acción en cuanto a los daños
especificados bajo las letras antes transcritas y porque la
acción ha prescrito.

Después de oir a las partes dictó sentencia la corte de
distrito declarando que carecía de jurisdicción para cono-
cer de la demanda porque las únicas tres partidas, marca-
das (*b*), (*c*) y (*d*) en las que existe causa de acción suman
$310, cantidad que es insuficiente para conferirle jurisdicción
por lo que ordenó el sobreseimiento y archivo del pleito. De
esta sentencia apeló el demandante Agustín Hernández Mena.

¿Es sostenible la sentencia apelada? Veámoslo.

La acción que se ejercita es para cobrar los daños y per-
juicios que el demandante alega haber sufrido como conse-

cuencia de una orden de *injunction* suspendiendo el remate de cierta finca cuya venta estaba anunciada para con su producto pagarle un crédito por sentencia, los intereses y las costas.

En la demanda se especifican los distintos conceptos por los que ha sufrido perjuicios y las cantidades que reclama por ellos las que suman mil pesos. De esas distintas partidas ha declarado el juez inferior que existe causa de acción en cuanto a las determinadas con las letras (*b*), (*c*) y (*d*) que suman $310, pero no en cuanto a las otras por lo que tenemos que examinar si en cuanto a éstas existe o nó causa de acción.

La partida letra (*a*) por efectivo pagado por sellos de rentas para anotar el embargo de la finca objeto de ejecución en el registro, la consignada en la letra (*e*) por el importe del crédito por sentencia, intereses y costas embargado por Benet y la de la letra (*f*) por lo dejado de ganar en las cantidades de que se ha visto privado el demandante, descansan todas en el hecho de que si la subasta no se hubiera suspendido por la orden de *injunction,* no hubiera tenido oportunidad Benet Colón de embargarle el crédito por sentencia. Sin embargo, entendemos que si tal crédito fué embargado y el demandante ha perdido los beneficios de esa cantidad y el importe del sello para anotar su embargo, se debe, no a la orden paralizando la subasta; sino a que Benet Colón tenía una reclamación pendiente contra el demandado sin la existencia de la cual el demandante no hubiera perdido esas cantidades a pesar de la orden de *injunction,* por lo que no podemos declarar que ésta produjo esos perjuicios y por tanto en cuanto a ellas no existe causa de acción por daños como consecuencia del *injunction.*

Como la demanda no aduce hechos determinantes de causa de acción sino en cuanto a $310, según declaró el juez inferior y como esta cantidad no es suficiente para dar jurisdicción original a la corte de distrito, no cometió ésta error al

declararse sin jurisdicción para conocer de una demanda de acuerdo con la cual sólo hay derecho para obtener $310.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.