# CASOS RESUELTOS

## EN LA

# CORTE SUPREMA DE PUERTO RICO

GONZÁLEZ, DEMANDANTE Y APELANTE, *v.* ROSADO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre nulidad de actuaciones y daños y perjuicios.

No. 1327.—Resuelto en julio 23, 1915.

JURISDICCIÓN—CORTES MUNICIPALES—CUANTÍA DE LA RECLAMACIÓN—JURISDICCIÓN EXCLUSIVA.—De acuerdo con la ley y la jurisprudencia, las cortes municipales en Puerto Rico tienen jurisdicción exclusiva para conocer de los asuntos civiles cuya cuantía no exceda de la suma de $500.

DAÑOS Y PERJUICIOS—RECLAMACIÓN DE UN VEINTE Y CINCO POR CIENTO MENSUAL—FALTA DE CAUSA DE ACCIÓN.—Cuando en una demanda se reclama un veinte y cinco por ciento mensual como indemnización por la ganancia dejada de obtener por el demandante, sin alegarse alguna circunstancia extraordinaria, debe resolverse que la demanda no aduce hechos suficientes en cuanto a la reclamación del dicho veinte y cinco por ciento mensual.

ID.—DEMANDA—JURISDICCIÓN ORIGINAL—CORTES DE DISTRITO—FALTA DE JURISDICCIÓN POR RAZÓN DE LA CUANTÍA.—Examinadas aisladamente las diferentes partidas a que se contrae la demanda en este caso, *se resolvió* que la corte de distrito carecía de jurisdicción para conocer originalmente del pleito por razón de la cuantía.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

El presente es un pleito titulado sobre nulidad de mandamiento de ejecución e indemnización de perjuicios, entablado originalmente en la Corte de Distrito de Mayagüez por Ig-

1

nacio González contra Arturo Rosado. La demanda consta de veinte hechos que pueden resumirse sustancialmente así:

Agustín Hernández Mena siguió un pleito en la Corte Municipal de Mayagüez contra Leocadia Rodríguez y obtuvo sentencia a su favor por la suma de $110. Se procedió a la ejecución de esa sentencia embargándose al efecto cierta propiedad inmueble que fué vendida en pública subasta el 24 de octubre de 1911 por la suma de $132.28.

En otro pleito seguido entre el dicho Agustín Hernández Mena y el demandado Arturo Rosado, se condenó al primero al pago de las costas, aprobándose finalmente por la corte de distrito un memorándum ascendente a $137.20. Hernández Mena apeló para ante este Tribunal Supremo y la resolución de la corte de distrito fué confirmada por sentencia de 22 de mayo de 1911. El 23 de octubre de 1911, Arturo Rosado, el demandado, solicitó y obtuvo de la corte de distrito una orden de ejecución para el cobro de los dichos $137.20, sin haberse hecho a Hernández Mena notificación previa alguna a fin de que directamente los pagara. El márshal del distrito, en cumplimiento de la indicada orden de 23 de octubre de 1911, embargó, el 24 de octubre de 1911, el producto de la subasta celebrada en la ejecución de la sentencia dictada a favor de Hernández Mena, en el pleito a que nos referimos en el párrafo anterior.

El propio día 24 de octubre de 1911, Ignacio González, el demandante, presentó al márshal del distrito una petición jurada, acompañada de una fianza, a fin de que el dicho funcionario le entregara $131.55 de los $132.28 que había embargado como de la propiedad de Hernández Mena, por haberle éste cedido sus derechos con anterioridad al embargo. El márshal no accedió, entregando la dicha suma al demandado Rosado Fussá. El demandante Ignacio González solicitó entonces contra el márshal un auto de *mandamus* que le fué negado finalmente por la corte de distrito, fundándose en que el márshal no podría cumplir la orden que se le dictara

por haber hecho entrega del dinero embargado antes de habérsele notificado el auto alternativo de *mandamus.*

Debido a los actos del demandado Rosado, el demandante González alega haber sufrido los siguientes perjuicios: $131.55, importe del crédito que le cedió Hernández Mena; $88.10 invertidos en pago de costas y honorarios de abogado en el procedimiento de *mandamus* a que se ha hecho referencia, y $549.12 por la ganancia dejada de obtener. El demandante calcula la ganancia, bajo la base de un 25 por ciento mensual sobre $219.65.

El demandado contestó la demanda negando ciertos hechos de la misma y aceptando que recibió del márshal del distrito $132.27, como pago, en parte, de los $137.20 de las costas a que fué condenado Hernández Mena. Sostuvo además el demandado que Hernández Mena conocía la sentencia que lo condenó al pago de las costas, y alegó como materia nueva, que nunca fué notificado de la cesión hecha por Hernández Mena al demandante, y que en el pleito seguido por Hernández Mena contra Leocadia Rodríguez nunca fué sustituído el nombre de Hernández Mena por el del demandante; que Hernández Mena y el demandante se confabularon y llevaron a efecto la cesión indicada con el fin de defraudar al demandado, habiendo sido Hernández Mena y no el demandante el que asistió a la subasta y el que estuvo próximo a recibir el importe de la misma cuando fué embargado por el márshal del distrito.

El 19 de noviembre de 1914 se celebró la vista del pleito presentando sus pruebas ambas partes, y el 9 de marzo de 1915 la corte dictó su sentencia declarando sin lugar la demanda con imposición de las costas y honorarios de abogado al demandante. Presentado el memorándum de costas, fué tramitado de acuerdo con la ley y aprobado finalmente el 27 de marzo de 1915. El demandante entonces interpuso el presente recurso de apelación contra la sentencia y la resolución aprobatoria del memorándum de costas.

Al estudiar detenidamente este caso para resolverlo en la forma que procediera en justicia, hemos advertido que existe una cuestión jurisdiccional que impide el que entremos en la consideración de los méritos del mismo.

De acuerdo con la ley y la jurisprudencia, las cortes municipales, en Puerto Rico tienen jurisdicción exclusiva para conocer de los asuntos civiles cuya cuantía no exceda de la suma de quinientos pesos.

En el caso de *Lowande* v. *García,* 12 D. P. R., 302, el Juez Figueras, al emitir la opinión de la corte, hizo un cuidadoso estudio de la materia, analizando y comparando las varias leyes que la han regulado. En el resumen de la opinión, se condensan los principios establecidos en la misma, en la siguiente forma: "La jurisdicción de las cortes municipales, en todos los asuntos civiles que se promuevan en su distrito hasta la suma de quinientos dollars, comprendiendo intereses, *es exclusiva,* y no puede afirmarse que en estos casos la jurisdicción de las cortes de distrito sea concurrente con las de las cortes municipales."

Igual doctrina se sostuvo en los casos de *Lowande* v. *García,* 13 D. P. R., 271 y *González* v. *Pirazzi,* 16 D. P. R., 7. Por último en el caso de *Hernández Mena* v. *Blanco et al.,* decidido el 14 de julio de 1915, esta Corte Suprema confirmó la sentencia de la Corte de Distrito de Mayagüez declarándose sin jurisdicción para actuar en el pleito, por aparecer de la demanda que no obstante reclamarse mil pesos, solo existía causa de acción para trescientos diez.

Si a la luz de lo expuesto anteriormente, examinamos la demanda presentada originalmente en la Corte de Distrito de Mayagüez por Ignacio González contra Arturo Rosado, concluiremos sin esfuerzo alguno que la dicha corte de distrito al decidir las cuestiones por la demanda planteadas, actuó sin jurisdicción.

En la demanda se reclaman $768.77. Tomada esa suma como base, la jurisdicción de la corte resulta clara. Pero esa suma se forma de diferentes partidas que deben examinarse

aisladamente. Una de ellas, la que es en realidad de verdad la base del pleito, solo asciende a $131.55; otra, formada a su vez de varias referentes a gastos hechos con motivo de un procedimiento de *mandamus* iniciado por el demandante, monta a $88.10. Sumadas ambas, dan un total de $219.65. El resto hasta $768.77, o sean $549.12, se reclama, usando las mismas palabras empleadas en la demanda, ''por importe del 25 por ciento sobre 219 dollars 65 centavos que, el demandante ha perdido por lo dejado de ganar mensualmente, como producto líquido de dicho dinero en su casa de comercio, desde el 24 de octubre de 1911, hasta la fecha, o sean 18 meses.''

Prescindiremos de investigar y resolver si existe ó no causa de acción con respecto a las partidas de $131.55 y $88.10, limitando nuestro examen a la de $549.12 que se reclama como ganancia dejada de obtener.

Hemos resumido substancialmente los hechos alegados en la demanda y al referirnos luego a la partida de $549.12, hemos transcrito textualmente la alegación del demandante. Como puede verse de todo ello, no se expone ninguna circunstancia extraordinaria, sino que simplemente se reclama un veinte y cinco por ciento mensual, o sea un trescientos por ciento anual, como producto líquido de la cantidad dejada de percibir por el demandante y de la gastada por él, según sostiene, con motivo de los actos del demandado, empleadas dichas cantidades en la casa de comercio del demandante. Es tan extraordinaria la pretensión del demandante, está tan desprovista de fundamento su reclamación de un *veinte y cinco por ciento mensual,* que es necesario concluir que no tiene causa de acción con respecto a la partida de $549.12.

Siendo ello así, la cuantía del pleito queda reducida a $131.55, o, a lo sumo, a $219.65, y la falta de jurisdicción de la corte de distrito para conocer originalmente del mismo es evidente. Aun aceptando que el demandante tuviera derecho a reclamar alguna cantidad por la ganancia dejada de obtener

por habérsele privado de .emplear $131.55, o $219.65, durante diez y ocho meses, en su casa de comercio, nunca dicha ganancia, teniendo en cuenta los hechos alegados, podría ser suficiente para elevar la cuantía del pleito hasta los $500.01 necesarios para dar jurisdicción original a la corte de distrito.

Todo lo actuado y resuelto por dicha corte fué, pues, enteramente nulo, por falta de jurisdicción, y así debe resolverse.

*Anuladas la sentencia y resolución apeladas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.