DELGADO ET AL., DEMANDANTES Y APELANTES, *v.* TRUJILLO Y MERCADÓ, DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre Indemnización.

No. 1477.—Resuelto en julio 28, 1916.

DAÑOS Y PERJUICIOS—DISTINTAS CAUSAS DE ACCIÓN—DAÑOS PUNITIVOS Y EJEMPLARES — EXCEPCIÓN PREVIA GENERAL — DAÑOS REMOTOS — JURISDICCIÓN — CUANTÍA LITIGIOSA.—Contra una demanda en que, como primera causa de acción, se reclamaban $125 en concepto de daños y perjuicios por la destrucción de una casa; como segunda, se pedían $5,000 en concepto igualmente de daños por haberse quedado sin albergue los demandantes y haberse enfermado algunos; y, como tercera, se hacía referencia únicamente a daños punitivos y ejemplares, se levantó una excepción previa general que fué declarada con lugar. Y *se resolvió:* que eran insostenibles la segunda y tercera causas de acción porque los daños alegados en la segunda eran demasiado remotos y pudieron ser reclamados en la primera causa, y porque en la última no se exponía nada en cuanto a la forma en que se llevó a cabo la destrucción de la casa que hiciera responsable a la demandada y porque también eran remotos los daños; y que, en cuanto a la primera causa, la corte no había adquirido jurisdicción por razón de la cuantía.

DEMANDA—CAUSAS DE ACCIÓN—REPETICIÓN DE LOS HECHOS DE LA PRIMERA CAUSA—ELIMINACIÓN—EXCEPCIONES PREVIAS.—Cuando en una demanda, al

exponer una segunda causa de acción, meramente se repiten de nuevo los hechos de la primera, debe presentarse una moción de eliminación y no una excepción previa.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Tomás Castillo León.*

Abogados del apelado: *Sres. A. F. Castro* y *C. López de Tord.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta apelación envuelve la suficiencia de una demanda en que se alegan tres causas de acción. En la segunda y tercera causas de acción se repetía la relación de hechos de la primera y meramente se alegaron daños y perjuicios adicionales como consecuencia de los hechos anteriores. En la primera causa de acción se alegó que la casa del demandante fué destruída totalmente por los actos de violencia del demandado y se reclamaron $125 en concepto de daños y perjuicios en dicha causa de acción. Fué interpuesta una excepción previa a toda la demanda que la corte declaró con lugar y subsiguientemente fué dictada sentencia a favor del demandado.

Como consecuencia de la destrucción de la casa de los demandantes, alegaron éstos en su segunda causa de acción que estaban sin albergue o medios para obtenerlos, y que algunos de ellos se enfermaron, y reclaman la suma de $5,000. Creemos que en este caso en vez de interponer excepción previa hubiera sido mejor práctica solicitar que fuera eliminada la segunda causa de acción, puesto que en ella meramente se referían de nuevo los hechos de la primera causa de acción. Los demandantes, sin embargo, eligieron hacer los daños y perjuicios el argumento principal de su segunda causa de acción y como estos daños eran demasiado remotos y los daños verdaderamente sufridos por ellos pudieron haber sido recobrados de acuerdo con su primera causa de acción, creemos que puede hacerse una excepción previa general que comprenda la falta de fundamento de la alegación de daños.

La tercera causa de acción hacía referencia únicamente

a daños punitivos o ejemplares.   No vemos nada en cuanto a la forma en que tuvo lugar la destrucción de la casa que haga a la demandada responsable por daños punitivos, y debe resolverse también que esa alegación es mala dentro de la excepción previa general, puesto que los daños fueron demasiado remotos.

Después de declararse que eran malas la segunda y tercera causas de acción la corte no tenía jurisdicción para conocer de una reclamación de $125 y debidamente declaró con lugar la excepción previa interpuesta a la primera causa de acción, fundada en la falta de jurisdicción.

Habiendo elegido los demandantes estar y pasar por el resultado de la excepción previa puesto que todos fueron hecho partes indebidamente en una acción de daños y perjuicios, la elección en someterse a las consecuencias de la referida excepción previa debe considerarse como permanente, no debiendo dárseles a los demandantes más permiso para hacer enmiendas.

Debe confirmarse la sentencia.

*Confirmada la sentencia.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.