CARMEN NÚÑEZ VIUDA DE RIVERA, demandante y apelada, *v.* HENRY RUGA, demandado y apelante.

No. 3722.—*Visto:* Enero 22, 1926. *Resuelto:* Marzo 18, 1926.

1. OBLIGACIONES—CUMPLIMIENTO DE LAS MISMAS—ACCIONES—DAÑOS Y PERJUICIOS DERIVADOS DE LA FALTA DE CUMPLIMIENTO—OBLIGACIÓN DEL DEUDOR A INDEMNIZARLOS.—Cuando no existe alegación suficiente de dolo ni se funda en él la reclamación de pago de una obligación, el deudor no viene

obligado a indemnizar daños y perjuicios derivados de la falta de cumplimiento de su obligación.

2. CORTES—CORTES DE JURISDICCIÓN ORIGINAL GENERAL—FUNDAMENTOS DE LA JURISDICCIÓN—JURISDICCIÓN POR LA CUANTÍA ENVUELTA—EJERCICIO DE DOS CAUSAS DE ACCIÓN—IMPROCEDENCIA DE UNA DE ELLAS.—Cuando en una demanda presentada en la corte de distrito se ejercitan dos causas de acción y una de ellas no procede, la corte carece de jurisdicción para dictar sentencia declarando con lugar la otra si la reclamación a que ésta se contrae no excede de $500.

SENTENCIA de *Rafael Díaz Cintrón*, J. (Ponce), declarando en parte con lugar demanda sobre cumplimiento de contrato y daños y perjuicios, con costas. *Revocada y dictada otra, sin costas.*

*Miguel Bahamonde*, abogado del apelante; *Arturo Ortiz Toro*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En la demanda que motiva esta apelación se alegó que el demandado valiéndose de falsas y fraudulentas simulaciones por mediación de su mandatario, Sr. Rafael Hernández, convino con el abogado de la demandante en pagar a la misma la suma de $200 en consideración a que desistiese de un pleito que seguía en la Corte de Distrito de Ponce bajo el número 11702 sobre nulidad y otros extremos contra el aquí demandado." Alega después que con tal motivo desistió de dicho pleito y que el demandado por conducto de su mandatario manifestó que no podía pagar inmediatamente y que había recibido un telegrama de su mandante de que estaría en Ponce en cierta fecha, pero no solamente no llegó en la fecha indicada sino que telegrafió nuevamente que no estaba dispuesto a pagar los $200 hasta que no vendiera la casa objeto del anterior litigio y que además le buscasen un comprador para la casa. También alegó que el demandado no ha pagado dicha cantidad.

En una segunda causa de acción se reproducen las anteriores alegaciones y se expone además que la demandante tenía concertados varios proyectos los que no ha podido realizar debido a las falsas y fraudulentas manifestaciones del demandado, por conducto de su mandatario, engañando a

la demandante y a su abogado y ocasionándole profundo su-
frimiento moral y postración nerviosa, hallándose la deman-
dante por tal motivo recogida en cama como consecuencia
de tales actos ilegales del demandado; y que por las falsas
y fraudulentas manifestaciones del demandado la deman-
dante ha sufrido daños y perjuicios que estima en la suma
de $1,000. Con esas alegaciones pidió sentencia a su favor
por $200 e indemnización por $1,000.

La sentencia dictada en este pleito declaró con lugar la
demanda solamente en cuanto a la primera causa de acción
y condenó al demandado a pagar los $200 reclamados y las
costas, contra cuyo fallo interpuso el demandado este re-
curso de apelación.

El demandado alegó en la corte inferior que la segunda
causa de acción no aduce hechos suficientes para la recla-
mación que hace y que por esto la corte de distrito no tiene
jurisdicción en el caso para conocer de la primera causa de
acción por tratarse en ella de una cuantía de $200, siendo
éste el primer motivo de su recurso de apelación.

[1] De los hechos alegados en la demanda puede verse
que la primera y principal causa de acción se funda en que
el demandado valiéndose de falsas y fraudulentas simula-
ciones convino en pagar a la demandante $200 si ella desis-
tía de otro pleito, como lo hizo, sin que la alegación que se
hace de dolo exponga los hechos ocurridos para que el tri-
bunal pueda llegar a la conclusión de que existió; pero de
todos modos importa poco en este caso si existió dolo o nó
para el convenio alegado ya que la demandante acepta el
convenio al exigir el cumplimiento del mismo, que se dice
ser consecuencia de él. Por consiguiente la demandante no
tiene acción para la segunda causa alegada pues exigiendo
el pago de los $200 convenidos no puede reclamar otra in-
demnización por el incumplimiento del contrato que los in-
tereses legales de esa cantidad de acuerdo con el artículo
1075 del Código Civil, preceptivo de que si la obligación
consistiere en el pago de una cantidad de dinero y el deudor

incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal, pues por no haber alegación suficiente de dolo ni fundarse en él la reclamación de pago, según hemos dicho, no tiene aplicación el artículo 1074 del mismo texto legal declarativo de que en caso de dolo el deudor responderá de todos los daños y perjuicios que conocidamente se deriven de la falta de cumplimiento de su obligación. Por otra parte, la alegación de la segunda causa de acción de que la demandante no ha podido verificar varios proyectos que tenía y que ha sufrido profundo sufrimiento moral y postración nerviosa a tal punto que ha tenido que recluirse en cama como consecuencia de las falsas y fraudulentas simulaciones del demandado, que son anteriores al convenio cuyo cumplimiento se exige, son daños tan remotos y fortuitos que no podría fundarse en ellos una sentencia condenatoria, por lo que la segunda causa de acción no expone hechos suficientes para ella.

[2] Sentado lo que precede y teniendo que ser descartada de la demanda esa segunda causa de acción por el motivo expuesto, queda sólo en pie la primera causa de acción para el pago de $200 y sus intereses sobre la cual no tenía jurisdicción la corte de distrito por no llegar la reclamación a $500, hasta cuya cantidad corresponde conocer a las cortes municipales según la sección 4 de la Ley de marzo de 1904 (Comp. sec. 1148) para reorganizar el sistema judicial. *Hernández Mena v. Blanco*, 22 D.P.R. 773, *González v. Rosado*, 23 D.P.R. 1, y *Delgado v. Trujillo*, 24 D.P.R. 484.

En vista de lo expuesto *debe revocarse la sentencia apelada y dictarse otra declarando* que la segunda causa de acción no contiene hechos suficientes para ella y que en cuanto a la primera causa de acción la Corte de Distrito de Ponce carecía de jurisdicción para conocer de la misma, *sin especial condena de costas.*