Juan Díaz, demandante y apelante, *v.* Carmen Palmer y su esposo Marcelino Esterás, demandados y apelados.

Núm. 8614.—*Sometido:* Mayo 7, 1943. *Resuelto:* Mayo 20, 1943.

*F. González Fagundo,* abogado del apelante; *Julio Reguero González,* abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Se trata en este caso de una acción por daños y perjuicios establecida contra Carmen Palmer y su esposo Marcelino Esterás. Alegó el demandante que era dueño de una casa de madera, techada de zinc, valorada en $200 y construída en una finca rústica de Marcelino Esterás. Que el 21 de febrero de 1940, la demandada Carmen Palmer, ya casada con Marcelino Esterás, roció con gasolina la mencionada casa y la quemó, destruyéndola totalmente. Que con motivo de la destrucción de la casa, el demandante quedó con su familia sin hogar y sufrió daños y perjuicios en la cantidad de $1,000.

Fué el caso a juicio, resultando contradictoria la evidencia. La del demandante tendió a probar que el 28 de diciembre de 1939 se había mudado de la casa en cuestión para la ciudad de Caguas, dejando cerrada la casa pendiente de trasladarla a otra finca donde le permitieran construirla, habiéndole ofrecido el demandado Esterás proporcionarle carros y bueyes y darle $3 para que hiciera la remoción y traslado de la casa. Que en la mañana del día indicado en la demanda, la demandada Carmen Palmer, que se hallaba disgustada con el demandante y su familia por motivo de ciertas relaciones ilícitas entre su esposo codemandado y una hija del demandante, destruyó la casa en la forma que se indica en la demanda.

La de los demandados tiende a probar que dos meses antes del incendio, es decir, el 28 de diciembre de 1939, cuando el demandante se trasladó a Caguas, Esterás le había comprado la casita, que era un rancho cobijado de paja de caña, por la cantidad de $15, de los cuales pagó $13 el 28 de di-

ciembre, quedando a deber $2, los que el día del juicio no habían sido satisfechos. Que no fué la demandada Carmen Palmer la que incendió la casita; que dicha señora, el día del incendio y desde mucho antes de dicha fecha, se hallaba en la ciudad de Caguas hospedada en la casa de una amiga, asistiendo a una hija que para aquella fecha se hallaba gravemente enferma.

De la prueba del demandante resultó que la partida de daños por $1,000 reclamada en la demanda se descomponía en la siguiente forma: una partida de $200 valor de la casa, y otra de $800 por concepto de angustias y sufrimientos mentales con motivo de la pérdida de la propiedad.

El juez sentenciador dió crédito a la prueba de los demandados y en la opinión en que fundó su sentencia desestimando la demanda, expresó dudas respecto a la procedencia de la reclamación por sufrimientos y angustias mentales en casos como el presente, en que el daño material no es a la persona sino a la propiedad, y manifestó que de no ser reclamable dicha partida, los daños realmente reclamables quedarían reducidos a $200, y que en ese caso la corte carecería de jurisdicción por motivo de la cuantía. Pero después de exponer la duda, expresó que, teniéndola, prefería no resolver el caso a base de la falta de jurisdicción, sino por la apreciación de la prueba, y dictó sentencia declarando sin lugar la demanda, con costas al demandante.

Fundamentando su recurso, el apelante señala como único error el que alega cometió la corte inferior al apreciar la prueba.

Ya hemos visto que la prueba fué contradictoria y que la corte inferior dirimió el conflicto a favor de los demandados. Sin embargo, la falta de jurisdicción es tan manifiesta que no debió la corte *a quo* considerar ninguna otra cuestión y por razón de dicha falta de jurisdicción desestimar la demanda.

En el caso de *Francisco Díaz* v. *Antonio Emanuelli y Ramón Cancel,* sobre daños y perjuicios, resuelto por esta

114

corte el 5 del actual (61 D.P.R. 887), sostuvimos que no es reclamable una partida de daños por sufrimientos y angustias mentales causados con motivo de la destrucción o pérdida de bienes del demandante. Y en el de *González Mena* v. *Dannermiller Coffee Co.,* 48 D.P.R. 608, que las angustias mentales no son daños a ser indemnizados en una acción basada en el incumplimiento de contrato y que, como eliminada esa partida de daños el montante reclamado en la otra causa de acción no excedía de $500, procedía, de acuerdo con lo establecido en el caso de *Núñez* v. *Rosa,* 35 D.P.R. 215, desestimar, como desestimó, la demanda por falta de jurisdicción.

Es verdad que en el presente caso no se alegan dos causas de acción, pero no es menos cierto que se reclaman dos partidas de daños y que eliminada una de ella, la otra sólo asciende a $200, por lo que la doctrina de los casos de *González Mena* v. *Dannermiller Coffee Co.* y *Núñez* v. *Rosa,* supra, es de perfecta aplicación.

Sin considerar ninguna otra cuestión que pudiera haberse levantado en este caso, y por el único fundamento de falta de jurisdicción en la corte inferior, *procede confirmar la sentencia que desestimó la demanda, con costas.*

El Juez Asociado Sr. Travieso no intervino.