EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rafael Hernández Barreras y Ludovigia Castrodad Menéndez, etc.<br>    Demandantes-Recurridos<br><br>          v.<br><br>San Lorenzo Construction Corp.<br>     Demandados-Peticionarios<br><br>Concreto Mixto, Inc. y otros<br>    Codemandados-Peticionarios<br><br>José Forastieri Lizardi<br>     Tercer Demandado | Certiorari<br><br>2001 TSPR 18 |

Número del Caso: CC-97-331
                 CC-97-333

Fecha: 20/febrero/2001

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente: Hon. Daniel A. Cabán Castro

Abogado de San Lorenzo Construction Corp: Lcdo. Marcos Valls Sánchez

Abogado de la Parte Recurrida: Lcdo. Fernando L. Rodríguez Mercado

Abogados de Concreto Mixto, Inc. y otros: Lcdo. Humberto Guzmán Rodríguez y Lcdo. Luis Manuel Rodríguez López

Oficina del Hon. Procurador General

Materia: Acción Civil

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael Hernández Barreras y
Ludovigia Castrodad
Menéndez, etc.
 Demandantes-Recurridos

              v.

San Lorenzo Construction
Corp.
 Demandados-Peticionarios                    CC-97-331
                                             CC-97-333          Certiorari

Concreto Mixto, Inc. y otros
 Codemandados-Peticionarios

              v.

José Forastieri Lizardi
      Tercer Demandado


Opinión del Tribunal emitida por el Juez Asociado señor Rivera Pérez.


San Juan, Puerto Rico, a 20 de febrero de 2001.

Comparecen ante nos, mediante sendos recursos de Certiorari, San Lorenzo Construction Corporation y Concreto Mixto, Inc., solicitando su expedición y la revocación de la sentencia dictada por el Tribunal de Circuito de Apelaciones, que revocó, a su vez, la sentencia emitida por el Tribunal de Primera Instancia, Unidad Especial de Jueces de Apelaciones. El Tribunal de Primera Instancia declaró sin lugar las demandas presentadas por el señor Rafael Hernández Barreras y su esposa, la señora Ludovigia Castrodad Méndez, y la Sociedad Legal de Bienes Gananciales por ellos compuesta,

contra los aquí peticionarios, por alegado incumplimiento de contrato y vicios de construcción. Se expiden los autos solicitados y se revoca la sentencia recurrida.

I

El señor Rafael Hernández Barreras y su esposa, la señora Ludovigia Castrodad Méndez, dueños del proyecto de construcción denominado Proyecto Industrial Vázquez, y de los edificios objeto de este pleito, contrataron con la compañía constructora San Lorenzo Construction Corporation para que ésta proveyera los materiales y efectuara todos los trabajos descritos en los planos y especificaciones técnicas preparadas para la construcción del referido proyecto.[1] El señor Hernández Barreras y San Lorenzo Construction Corporation formalizaron dos contratos para llevar a cabo dicha construcción. En el primer contrato se acordó realizar el movimiento de tierras (preparar el "site") por un precio de ciento cuarenta y siete mil cuatrocientos ochenta y seis dólares ($147,486); en el segundo contrato, denominado "Construction of Four Buildings", se acordó la construcción de cuatro estructuras industriales identificadas como los edificios A, B, C y D del Proyecto Industrial, por el precio de un millón trescientos mil dólares ($1,300,000).[2] Por su parte, San Lorenzo Construction Corporation otorgó un contrato de suplido de hormigón con la compañía hormigonera Concreto Mixto, Inc., para que suministrara todo el hormigón necesario para la construcción.[3]

Inconforme con la labor realizada por San Lorenzo Construction Corporation, el 23 de julio de 1990, el señor Hernández Barreras presentó una demanda contra la compañía constructora por alegado incumplimiento de contrato, defectos de construcción y daños y perjuicios.[4] La acción presentada se relacionaba principalmente con la aparición de unas grietas en las lozas de los cuatro edificios identificados anteriormente.

Luego de presentada la demanda, ésta fue enmendada en varias ocasiones.[5] El señor Hernández Barreras incluyó como demandados en el pleito a Concreto Mixto, Inc. y al ingeniero Héctor Juncos Gautier, por alegadamente el primero haber suplido hormigón de una calidad deficiente, y el segundo, por haber preparado los diseños de la mezcla de hormigón del proyecto con una calidad y durabilidad inferior a la requerida para la construcción de los

---

[1] Véase Sentencia del Tribunal de Primera Instancia, Apéndice XIV del recurso de Certiorari (CC-97-331), pág. 181; Apéndice VI del recurso de Certiorari (CC-97-333), pág. 174.

[2] Id.

[3] Id. a las págs. 183 y 176, respectivamente.

[4] Véase Demanda, Apéndice I del recurso de Certiorari (CC-97-331), págs. 1-4.

[5] Apéndices III-XI del recurso de Certiorari (CC-97-331), págs. 12-60.

edificios del Proyecto Industrial.[6] Así también, San Lorenzo Construction Corporation presentó demanda de co-parte contra Concreto Mixto, Inc. y el ingeniero Juncos Gautier.[7]

En esta etapa de los procedimientos el caso fue referido al Tribunal de Primera Instancia, a la Unidad Especial de Jueces de Apelaciones.[8] Tras un extenso descubrimiento de prueba y varios trámites procesales, el Tribunal de Primera Instancia celebró el juicio en su fondo, no sin antes realizar una inspección ocular de los edificios en controversia y levantar el acta correspondiente.[9]

Así las cosas, el Tribunal de Primera Instancia consideró y sopesó toda la evidencia sometida, y a base de la credibilidad merecida y el derecho aplicable formuló sus determinaciones de hechos y conclusiones de derecho, y dictó la sentencia correspondiente el 23 de febrero de 1995.[10] En dicha sentencia el Tribunal de Primera Instancia, entre otras cosas, declaró sin lugar las demandas presentadas contra San Lorenzo Construction y Concreto Mixto, Inc. relacionadas con los vicios de construcción del referido Proyecto Industrial.[11] Además, el Tribunal de Primera Instancia ordenó el archivo definitivo de las mismas e impuso el pago de gastos, costas y honorarios de abogado a la parte demandante.

---

[6] Véase Tercera Demanda Enmendada, Apéndice VII del recurso de Certiorari (CC-97-331), págs. 36-46; Apéndice I del recurso de Certiorari (CC-97-333), págs. 1-8. La reclamación contra el ingeniero Héctor Juncos Gautier, en su carácter personal, fue desestimada por el Tribunal de Primera Instancia. Tal determinación fue confirmada por el Tribunal de Circuito de Apelaciones. Véanse Sentencia del Tribunal de Primera Instancia, Apéndice XIV del recurso de Certiorari (CC-97-331), pág. 224; Apéndice VI del recurso de Certiorari (CC-97-333), pág. 217; y la Sentencia del Tribunal de Circuito de Apelaciones, Apéndice LXII del recurso de Certiorari (CC-97-331), pág. 1191; Apéndice LXXIX del recurso de Certiorari (CC-97-333), pág. 1156. Es por esta razón que el ingeniero Juncos Gautier fue excluido del recurso de Certiorari (CC-97-333) presentado por Concreto Mixto, Inc.

[7] Véase Demanda contra Co-parte, Apéndice IX del recurso de Certiorari (CC-97-331), págs. 54-55.

[8] Orden del Juez Presidente del Tribunal Supremo de Puerto Rico de 8 de marzo de 1994. El caso fue asignado al honorable Juez Ángel González Román.

[9] Véase Acta de Inspección Ocular, Apéndice XII de la Petición de Certiorari (CC-97-331), págs. 60A-60D; Apéndice III del recurso de Certiorari (CC-97-333), págs. 14-16. La vista en su fondo se celebró los días 7, 8, 9, 10, 14, 15, 16, 17, 18, 21, 22 de noviembre de 1994, y los días 5, 6 y 7 de diciembre del mismo año.

[10] Véase Sentencia del Tribunal de Primera Instancia, Apéndice XIV del recurso de Certiorari (CC-97-331), págs. 172-224; Apéndice VI del recurso de Certiorari (CC-97-333), págs. 165-217.

[11] A pesar de que en la sentencia del Tribunal de Primera Instancia se señala que las demandas presentadas por la parte aquí recurrida fueron desestimadas, de una lectura de la misma podemos apreciar que no se trata de insuficiencia de la prueba, sino más bien de apreciación de la misma. Por tanto, entendemos que las referidas demandas fueron declaradas sin lugar por el Tribunal de Primera Instancia.

Inconforme con dicha determinación, el señor Hernández Barreras presentó, oportunamente, recurso de apelación ante el Tribunal de Circuito de Apelaciones.[12] Éste no alegó directamente que el Tribunal de Primera Instancia hubiese cometido error en la apreciación de la prueba. No obstante, al señalar que el Tribunal de Primera Instancia había errado al eximir de responsabilidad a los codemandados por los defectos de construcción, el recurrido, señor Hernández Barreras, basó su argumentación mayormente en la prueba vertida durante el juicio por los testigos y peritos de las partes. Finalmente, solicitó a ese foro que, encontrándose en la misma posición que el Tribunal de Primera Instancia para evaluar la prueba pericial y documental, revocara la sentencia recurrida.[13] Arguyó que, según la evidencia presentada por él ante el Tribunal de Primera Instancia, San Lorenzo Construction Corporation y Concreto Mixto, Inc. eran responsables por los vicios de construcción, conforme al Artículo 1483 del Código Civil de Puerto Rico.[14] Oportunamente, San Lorenzo Construction Corporation presentó ante el Tribunal de Circuito de Apelaciones una moción solicitando la desestimación del recurso de apelación.[15] Por su parte, Concreto Mixto, Inc., presentó una moción en oposición al recuso de apelación presentado ante el Tribunal de Circuito de Apelaciones.[16]

Como parte del trámite apelativo, las partes comenzaron la etapa de preparar y presentar el Apéndice Conjunto del recurso apelativo ante el Tribunal de Circuito de Apelaciones.[17] Surge del expediente que, entre los representantes legales de las partes,

---

[12] Véase recurso de Apelación, Apéndice XV del recurso de <u>Certiorari</u> (CC-97-331), págs. 225-263; Apéndice V del recurso de <u>Certiorari</u> (CC-97-333), págs. 126-164.

[13] Id. a las págs. 259 y 160, respectivamente.

[14] 31 L.P.R.A. sec. 4124. El referido artículo dispone:

El contratista de un edificio que se arruinase por vicios de construcción, responde de los daños y perjuicios si la ruina tuviere lugar dentro de diez (10) años, contados desde que concluyó la construcción; igual responsabilidad, y

por el mismo tiempo, tendrá el arquitecto que la dirigiere, si se debe la ruina a vicios del suelo o de la dirección.

Si la causa fuere la falta de contratista a las condiciones de contrato, la acción de indemnización durará quince (15) años.

[15] Apéndice XVII del recurso de <u>Certiorari</u> (CC-97-331), págs. 948-966; Apéndice XLV del recurso de <u>Certiorari</u> (CC-97-333), págs. 859-876.

[16] Apéndice XVIII del recurso de <u>Certiorari</u> (CC-97-331), págs. 967-976; Apéndice XLIV del recurso de <u>Certiorari</u> (CC-97-333), págs. 849-858.

[17] Regla 37 del Reglamento del Tribunal de Circuito de Apelaciones de 1995. 4 L.P.R.A. Ap. XXII. Precisa señalar, que en el caso de autos, al momento de presentarse el recurso de apelación ante el Tribunal de Circuito de Apelaciones, se encontraba vigente el Reglamento del Tribunal de Circuito de Apelaciones aprobado el 13 de enero de 1995, con fecha de efectividad de 24 de enero de 1995. Por tanto, el presente recurso debe atenderse y resolverse a la luz de las disposiciones de dicho reglamento. La Regla 4 de las Reglas de Transición del Reglamento del Tribunal de Circuito de

hubo comunicaciones con el propósito de informar aquellos documentos que cada uno de los litigantes interesaba fueran incluidos en el apéndice conjunto.[18]  Además, las partes informaron al referido foro que se llevaron a cabo reuniones para preparar una exposición estipulada de la prueba oral.[19]  No obstante, dichas reuniones resultaron infructuosas, por lo que, al no poderse preparar una exposición estipulada, la parte apelante solicitó al Tribunal de Circuito de Apelaciones que ordenara proceder conforme a lo establecido en la Regla 42 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, supra.[20]

Mediante Resolución de 29 de octubre de 1996, notificada el 18 de noviembre de 1996, el Tribunal de Circuito de Apelaciones atendió y resolvió varios asuntos presentados por las partes.[21]  Entre estos asuntos, declaró sin lugar la moción de desestimación de San Lorenzo Construction Corporation y la moción en oposición de Concreto Mixto, Inc.  Además, atendió las mociones sobre la exposición estipulada de la prueba, ordenándole a la parte apelante la preparación de una exposición narrativa de la prueba dentro del término de cuarenta y cinco (45) días, a partir de la notificación de la resolución.[22]

Cumpliendo con lo ordenado por el Tribunal de Circuito de Apelaciones, el 3 de enero de 1997, el señor Hernández Barreras presentó su versión de la exposición narrativa de prueba ante el Tribunal de Primera Instancia, según lo establecía el Reglamento del Tribunal de Circuito de Apelaciones de 1995, supra.[23]  Dentro del término de diez (10) días establecido

---

Apelaciones de 25 de abril de 1996, efectivo el 1ro. de mayo de 1996, 4 L.P.R.A. Ap. XXII-A R.4(a), dispone que:

> (a) Toda decisión dictada o emitida por un tribunal con anterioridad al 1ro de mayo de 1996, cuyo término para recurrir en alzada haya comenzado a decursar con anterioridad al 1ro de mayo de 1996, se continuará tramitando bajo la Ley y el Reglamento vigentes al momento en que comenzó a decursar el término para recurrir en alzada.

En el caso de autos, el Tribunal de Primera Instancia dictó sentencia el 23 de febrero de 1995 y fue notificada el 6 de marzo de ese mismo año.

[18] Apéndices XXII al XXV del recurso de Certiorari (CC-97-331), págs. 987-991.  Estos procedimientos entre las partes fueron informados al Tribunal de Circuito de Apelaciones, mediante moción informativa presentada por Concreto Mixto, Inc.  Véase Apéndice XXVI del recurso de Certiorari (CC-97-331), págs. 992-993; Apéndice XLVIII del recurso de Certiorari (CC-97-333), págs. 881-887.

[19] Apéndice XLVI del recurso de Certiorari (CC-97-333), págs. 877-878.

[20] Apéndice XXVII del recurso de Certiorari (CC-97-331), págs. 994-995; Apéndices LI y LII del recurso de Certiorari (CC-97-333), págs. 893-896.

[21] Véase Resolución de 29 de octubre de 1996, Apéndice XXI del recurso de Certiorari (CC-97-331), págs. 982-986; Apéndice LV del recurso de Certiorari (CC-97-333), págs. 901-905.

[22] Id.

[23] Véase Moción sobre Exposición Narrativa, Apéndice XXVIII del recurso de Certiorari (CC-97-331), págs. 996-1091; Apéndice LVI del recurso de Certiorari (CC-97-333), págs. 906-1001.  La parte apelante certificó en su

para que las partes presentaran sus objeciones o enmiendas a la exposición narrativa, San Lorenzo Construction Corporation y Concreto Mixto, Inc. solicitaron un plazo adicional para poder cumplir con lo establecido en dicho reglamento.[24] A tales fines, el Tribunal de Circuito de Apelaciones le concedió una prórroga de treinta (30) días a las compañías apeladas para presentar sus enmiendas y objeciones.[25]

El 13 de febrero de 1997, mucho antes de vencer el término de los treinta (30) días concedidos, Concreto Mixto, Inc. presentó ante el Tribunal de Primera Instancia y ante el Tribunal de Circuito de Apelaciones, sus objeciones y enmiendas a la exposición narrativa de la prueba presentada por la parte apelante.[26] Por su parte, San Lorenzo Construction Corporation también presentó oportunamente sus objeciones y enmiendas el 14 de febrero de 1997 ante el Tribunal de Circuito de Apelaciones.[27] En síntesis, ambas partes apeladas adujeron en sus escritos que la exposición narrativa de la prueba presentada por la parte apelante omitía importantes partes de los testimonios de peritos y testigos presentados durante el juicio.

Esta situación dio origen a una nueva controversia entre las partes, esta vez relacionada a la presentación y notificación de las objeciones y enmiendas a la exposición narrativa de la prueba ante los distintos foros judiciales. De un lado, el recurrido, señor Hernández Barreras, solicitó al Tribunal de Circuito de Apelaciones que aprobara la exposición narrativa de la prueba por él presentada, ya que San Lorenzo Construction Corporation y Concreto Mixto, Inc. presentaron, erróneamente, sus escritos ante el Tribunal de Circuito de Apelaciones y no ante el Tribunal de Primera Instancia, como exigía el Reglamento del Tribunal de Circuito de Apelaciones de 1995, supra, hasta entonces vigente.[28] Por otro lado, Concreto Mixto, Inc. argumentó que presentó sus enmiendas y objeciones ante el Tribunal de Primera Instancia y notificó las mismas al Tribunal de Circuito de

---

moción haber enviado copia de la misma al Tribunal de Circuito de Apelaciones.

[24] Apéndices XXIX y XXXI del recurso de Certiorari (CC-97-331), págs. 1092-1093 y 1098-1099; Apéndices LVIII y LIX del recurso de Certiorari (CC-97-333), págs. 1008-1011.

[25] Véase Resolución de 15 de enero de 1997, Apéndice XXX del recurso de Certiorari (CC-97-331), págs. 1094-1097; Apéndice LX del recurso de Certiorari (CC-97-333), págs. 1012-1015. Esta resolución fue notificada el 2 de enero de 1997.

[26] Apéndice LXII del recurso de Certiorari (CC-97-333), págs. 1016-1024. La parte apelada Concreto Mixto, Inc. evidenció haber presentado el mismo día copia de la misma moción ante ambos foros judiciales. Véase Apéndice LXVI del recurso de Certiorari (CC-97-333), págs. 1061-1063.

[27] Apéndice XXII del recurso de Certiorari (CC-97-331), págs. 1100-1125. No surge de la moción que la parte apelada San Lorenzo Construction Corporation hubiese presentado o notificado ese día dicha moción ante el Tribunal de Primera Instancia.
[28] Apéndice XXXIV del recurso de Certiorari (CC-97-331), págs. 1135-1137; Apéndice LXIV del recurso de Certiorari (CC-97-333), págs. 1055-1057.

Apelaciones, tal y como disponía el mencionado reglamento.[29] Por su parte, San Lorenzo Construction Corporation, aun cuando admitió que por error había notificado sus enmiendas al Tribunal de Circuito de Apelaciones en vez de al Tribunal de Primera Instancia, alegó que dicha falta fue inmediatamente corregida.[30]

Así las cosas, el Tribunal de Primera Instancia, mediante orden de 20 de marzo de 1997, señaló una vista para discutir las mociones sobre las objeciones y enmiendas a la exposición narrativa de la prueba.[31] En reacción a esto, el 3 de abril de 1997, el señor Hernández Barreras solicitó al Tribunal de Primera Instancia se abstuviera de entrar a considerar las objeciones o enmiendas presentadas, hasta que el Tribunal de Circuito de Apelaciones decidiera la controversia surgida sobre las mismas.[32] No obstante, el Tribunal de Primera Instancia, mediante orden de 18 de abril de 1997, ordenó a las partes cumplir con la orden previamente emitida a esos efectos el 20 de marzo de 1997.[33]

**Sin embargo, mientras las partes se preparaban para argumentar ante el Tribunal de Primera Instancia las mociones en cuanto a la exposición narrativa de la prueba, el Tribunal de Circuito de Apelaciones dictó sentencia el 6 de mayo de 1997, resolviendo el recurso apelativo ante su consideración.**[34] Esto ocurrió sin la aprobación de la exposición narrativa de la prueba por el Tribunal de Primera Instancia; sin que el Tribunal de Circuito de Apelaciones se expresara en torno a la controversia surgida sobre la presentación y notificación de las objeciones y enmiendas a la misma ante los distintos foros judiciales; y sin concederle término a las partes apeladas para presentar el apéndice conjunto, y sus respectivos alegatos. **En dicha sentencia, el Tribunal de Circuito de Apelaciones concluyó**

---

[29] Apéndices XXXVI y XXXIX del recurso de <u>Certiorari</u> (CC-97-331), págs. 1141-1142 y 1153-1155; Apéndice LXVI del recurso de <u>Certiorari</u> (CC-97-333), págs. 1061-1063.

[30] Apéndices XXXV y XXXVIII del recurso de <u>Certiorari</u> (CC-97-331), págs. 1138-1140 y 1151-1152; Apéndices LXV y LXIX del recurso de <u>Certiorari</u> (CC-97-333), págs. 1058-1060 y 1073-1074.

[31] Véase Orden del Tribunal de Primera Instancia de 20 de marzo de 1997, Apéndice XL del recurso de <u>Certiorari</u> (CC-97-331), pág. 1156; Apéndice LXX del recurso de <u>Certiorari</u> (CC-97-333), págs. 1175-1176. El Tribunal de Primera Instancia originalmente señaló la vista para el 10 de junio de 1997. Mediante orden de 1ro. de mayo de 1997, dicho tribunal reseñaló la vista para el 29 de agosto 1997. Véase orden del Tribunal de Primera Instancia de 1ro. de marzo de 1997, Apéndice XLI del recurso de <u>Certiorari</u> (CC-97-331), pág. 1157; Apéndice LXXVIII del recurso de <u>Certiorari</u> (CC-97-333), págs. 1120-1121. De ninguna de las órdenes surge si el Tribunal de Circuito de Apelaciones fue notificado de dicho señalamiento.

[32] Apéndice LXII del recurso de <u>Certiorari</u> (CC-97-333), págs. 1086-1104.

[33] Véase Orden del Tribunal de Primera Instancia de 18 de abril de 1997, Apéndice LXXVI del recurso de <u>Certiorari</u> (CC-97-333), pág. 1115. Tampoco surge de esta orden si el Tribunal de Circuito de Apelaciones fue notificado de la decisión del Tribunal de Primera Instancia de continuar con la vista sobre la exposición narrativa de la prueba.

[34] Véase Sentencia del Tribunal de Circuito de Apelaciones, Apéndice LXII del recurso de <u>Certiorari</u> (CC-97-331), págs. 1159-1198; Apéndice LXXIX del recurso de <u>Certiorari</u> (CC-97-333), págs. 1122-1163. La sentencia fue notificada el 19 de mayo de 1997.

**que luego de "un minucioso y concienzudo examen integral de los autos, [el Tribunal de Primera Instancia] incidió en la apreciación y valoración de la prueba".[35] El Tribunal de Circuito de Apelaciones procedió a analizar el expediente ante su consideración y descartó ciertas determinaciones de hechos y conclusiones de derecho hechas por el Tribunal de Primera Instancia. Como consecuencia de lo anterior, el Tribunal de Circuito de Apelaciones revocó la sentencia emitida por el Tribunal de Primera Instancia.**

Inconformes con esta determinación, San Lorenzo Construction Corporation y Concreto Mixto, Inc. acuden ante nos por separado, solicitando la revisión de la sentencia emitida por el Tribunal de Circuito de Apelaciones señalando la comisión de varios errores.[36] La peticionaria San Lorenzo Construction señaló como errores cometidos por dicho Tribunal los siguientes:[37]

1. Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones al dictar sentencia sin haberse perfeccionado el recurso de apelación, sin tener el apéndice conjunto, la exposición narrativa, los autos originales y el alegato de los apelados y sin concederle a San Lorenzo el debido proceso de ley.

2. Erró el Honorable [sic] Tribunal al determinar que las grietas de los edificios exceden la medida de las imperfecciones que cabe esperar en este tipo de construcción constituyéndose los elementos de la ruina.

3. Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones al determinar que la evidencia apunta a una pobre compactación del suelo sobre el cual descansan los pisos de los edificios.

4. Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones al determinar que el refuerzo de temperatura de los pisos no se instaló según lo especificado en los planos y que la loza de los pisos no tenía el espesor requerido de 5".

5. Erró el Honorable [sic] Tribunal al determinar que existe relación causal entre los alegados vicios de construcción y las grietas de los edificios.

6. Erró el Honorable [sic] Tribunal al determinar que el hormigón no tiene las 3,000 lbs psi requeridas y que se trata de un hormigón defectuoso.

7. Erró el Honorable [sic] Tribunal al imponerle responsabilidad a SLC por defectos en el hormigón.

8. Erró el Honorable [sic] Tribunal de Apelaciones al determinar que los vicios no eran aparentes y que de serlos, tales vicios no relevan de responsabilidad al contratista si los mismos producen la ruina dentro del plazo decenal.

9. Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones al determinar que la doctrina de asunción de riesgo no es aplicable en este caso y la misma no puede usarse para relevar de su responsabilidad decenal al contratista.

10. Erró el Honorable [sic] Tribunal de Apelaciones al determinar que la negociación habida entre las partes no incluyó los vicios reclamados en la demanda, y que no hubo transacción.

11. Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones al revocar la sentencia emitida por el Juez de la Unidad Especial de Jueces de Apelaciones.

12. Erró el Honorable [sic] Tribunal de Apelaciones al determinar que San Lorenzo responde directa y primariamente por los defectos de construcción.

---

[35] Id. a las págs. 1171 y 1174, respectivamente.

[36] San Lorenzo Construction Corporation acude ante nos mediante el recurso CC-97-331, y Concreto Mixto, Inc. acude ante nos mediante el recurso CC-97-333.

[37] Recurso de <u>Certiorari</u> (CC-97-331), págs. 8-9.

13. Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones al determinar que el demandante apelado [sic] no incurrió en temeridad.

14. Erró el Honorable [sic] Tribunal de [Circuito de] Apelaciones al devolverle el caso a Instancia [sic] para la estimación de los daños.

Por su parte, la peticionaria Concreto Mixto, Inc. señaló como errores cometidos por el Tribunal de Circuito de Apelaciones los siguientes:[38]

A. Erró el Tribunal de Circuito de Apelaciones al emitir su sentencia sin contar con la exposición narrativa de la prueba, debidamente aprobada por el Tribunal de Primera Instancia de conformidad con el Reglamento entonces vigente de dicho Tribunal.

B. Erró el Tribunal de Circuito de Apelaciones al emitir su sentencia sin contar con el Apéndice Conjunto, el cual incluiría los documentos que a las partes apeladas interesan que dicho Tribunal Apelativo [sic] tomara en consideración en su análisis.

C. Erró el Tribunal de Circuito de Apelaciones al emitir su sentencia sin haberse perfeccionado el recurso.

D. Erró el Tribunal de Circuito de Apelaciones al emitir su sentencia sin haber elevado los autos, según indicado en la Regla 16 (C) del Reglamento entonces vigente de dicho Tribunal.

E. Erró el Tribunal de Circuito de Apelaciones al emitir su sentencia sin contar con los alegatos de las partes apeladas.

F. Erró el Tribunal de Circuito de Apelaciones al no ejercer su deber de velar porque el procedimiento ante dicho Tribunal se llevara adecuadamente.

G. Erró el Tribunal de Circuito de Apelaciones al concluir que Concreto Mixto, Inc. es responsable por los alegados defectos en el proyecto industrial, a pesar de haber reconocido que Concreto Mixto es un suplidor y no un sub-contratista.

H. Erró el Tribunal de Circuito de Apelaciones al concluir que Concreto Mixto, Inc. le responde contingentemente a San Lorenzo Construction Corporation por haber radicado San Lorenzo Construction una demanda de co-parte contra Contrato Mixto, Inc.

I. Erró el Tribunal de Circuito de Apelaciones al modificar las conclusiones de hecho y de derecho emitidas por el Tribunal de Primera Instancia sin existir evidencia de error manifiesto, perjuicio [sic] o parcialidad.

J. Erró el Tribunal de Circuito de Apelaciones al alterar la apreciación de la prueba pericial presentada en juicio que hizo el Tribunal de Primera Instancia.

K. Erró el Tribunal de Circuito de Apelaciones al abusar de su discreción en el caso de epígrafe.

L. Erró el Tribunal de Circuito de Apelaciones al concluir que la parte demandante no incurrió en temeridad.

M. Erró el Tribunal de Circuito de Apelaciones al devolver el caso a instancia para la estimación de los daños.

Los errores señalados tratan esencialmente sobre la falta de perfeccionamiento del recurso de apelación ante el Tribunal de Circuito de Apelaciones, y la responsabilidad por los vicios de construcción de San Lorenzo Construction Corporation y Concreto Mixto, Inc., respectivamente. Por la similitud de los planteamientos realizados en ambos recursos sobre la misma sentencia, se consolidan.

---

[38] Recurso de <u>Certiorari</u> (CC-97-333), págs. 9-10.

Concedimos término a la parte recurrida, señor Hernández Barreras, para que mostrara causa por la cual no debíamos dejar sin efecto la sentencia recurrida y devolver el asunto al Tribunal de Circuito de Apelaciones para su consideración, una vez fuera perfeccionado el recurso en todas sus partes. En cumplimiento de dicha orden, el señor Hernández Barreras ha comparecido. Analizados sus argumentos, expedimos los autos solicitados y resolvemos según lo expuesto a continuación.

Atenderemos conjuntamente el señalamiento de error número uno del recurso de Certiorari presentado por San Lorenzo Construction Corporation y los primeros seis errores señalados en el recurso de Certiorari presentado por Concreto Mixto, Inc., por ser esencialmente iguales. En síntesis, se nos plantea que el Tribunal de Circuito de Apelaciones erró al emitir su sentencia, sin tener el beneficio de la exposición narrativa de la prueba que éste previamente había autorizado; al no darle oportunidad a los peticionarios de presentar sus alegatos, ni de presentar el apéndice conjunto. Por lo tanto, no entraremos a evaluar los restantes señalamientos de error, ya que todos ellos están relacionados con la apreciación de la prueba que hizo el Tribunal de Circuito de Apelaciones, cuya exposición narrativa, concluimos, no fue aprobada conforme a derecho.

II

Mediante la aprobación de la Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1 de 28 de julio de 1994, según enmendada,[39] se incorporaron cambios sustanciales en el esquema del sistema judicial del país. Esta ley se aprobó con el propósito de uniformar los procedimientos judiciales, y garantizar igual y fácil acceso de los ciudadanos a los servicios ofrecidos por la Rama Judicial.[40] Entre los cambios que introdujo esta ley se encuentra la creación del Tribunal de Circuito de Apelaciones. Ese Tribunal se creó con el propósito de concederle a todos los litigantes un derecho a apelar todas las sentencias finales dictadas por el Tribunal de Primera Instancia ante un foro apelativo no colegiado.[41] El Tribunal de Circuito de Apelaciones tiene la función principal de revisar los procedimientos del Tribunal de Primera Instancia para determinar si éste aplicó el derecho correctamente y si se siguieron los procedimientos dispuestos por el ordenamiento procesal.[42]

---

[39] 4 L.P.R.A. sec. 22 et seq.

[40] Véase Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994.

[41] 4 L.P.R.A. sec. 22k(a).

[42] Depto. de la Familia v. Shrivers Otero, res. el 17 de abril de 1998, 98 TSPR 44, 145 D.P.R. ___ (1998), 98 J.T.S. 46, a la pág. 831; Maldonado Bermúdez v. Maldonado González, res. el 11 de julio de 1996, 141 D.P.R. ___ (1996), 96 J.T.S. 86, a la pág. 1253; Rivera v. E.L.A., 140 D.P.R. 168 (1996). 741.

En cumplimiento con las disposiciones de la referida Ley de la Judicatura de Puerto Rico de 1994, supra, el 13 de enero de 1995 se aprobó el Reglamento del Tribunal de Circuito de Apelaciones de 1995.[43] Ese reglamento tuvo el propósito de hacer viable el funcionamiento del nuevo foro apelativo, de manera acorde con los objetivos de la Ley de la Judicatura de Puerto Rico de 1994, supra, y para ello se estableció en el mismo las normas que debían regir los procedimientos ante dicho foro.[44]

Mediante la Ley Núm. 248 de 25 de diciembre de 1995, se enmendó la Ley de la Judicatura de Puerto Rico de 1994, supra, con lo cual se reestructuró de forma significativa la competencia, tanto de este Tribunal como la del Tribunal de Circuito de Apelaciones. Además, durante ese período se aprobaron diversas leyes[45] que enmendaron varias disposiciones de las Reglas de Procedimiento Civil,[46] Procedimiento Criminal,[47] y de la Ley de Procedimiento Administrativo Uniforme.[48] Debido a los múltiples cambios establecidos por estas leyes, este Tribunal aprobó un nuevo Reglamento del Tribunal de Circuito de Apelaciones, el 25 de diciembre de 1995, efectivo el 1ro. de mayo de 1996.[49]

En el caso de autos, el Tribunal de Primera Instancia dictó sentencia el 23 de febrero de 1995 y ésta fue notificada el 6 de marzo de 1995.[50] Al momento de presentarse el escrito de apelación ante el Tribunal de Circuito de Apelaciones, estaba vigente el Reglamento del Tribunal de Circuito de Apelaciones de 1995, supra. En el descargo de su ministerio, el Tribunal de Circuito de Apelaciones debía determinar si el Tribunal de Primera Instancia llegó a conclusiones que estaban apoyadas en la evidencia presentada. Por ello, debía procurar tener todos los elementos de juicio necesarios para emitir su decisión. Así, cuando una de las partes ha señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación de la prueba por parte del Tribunal de Primera Instancia, el Tribunal de Circuito de Apelaciones, en aras de cumplir cabalmente su función revisora,

---

[43] 4 L.P.R.A. Ap. XXII. Este reglamento aprobado el 13 de enero de 1995 entró en vigor el 24 de enero de 1995.

[44] Maldonado Bermúdez v. Maldonado González, supra.

[45] Leyes Núm. 247, 248, 249 y 251 aprobadas el 25 diciembre de 1995 y que entraron en vigor el 5 de enero de 1996.

[46] Reglas de Procedimiento Civil de 1979, según enmendada, 32 L.P.R.A. Ap. III.

[47] Reglas de Procedimiento Criminal de 1963, según enmendada, 34 L.P.R.A. Ap. II.

[48] Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 et seq.

[49] 4 L.P.R.A. Ap. XXII-A. Véase también, Aprobación y Vigencia del Reglamento del Tribunal de Circuito de Apelaciones, 140 D.P.R. 647.

[50] Sentencia y Notificación del Tribunal de Primera Instancia, Apéndice XIV del recurso de Certiorari (CC-97-331), págs. 170-224; Apéndice VI del recurso de Certiorari (CC-97-333), págs. 165-219.

debe ordenar una exposición narrativa de la prueba en ausencia de una estipulada, u ordenar la transcripción total o parcial de la evidencia desfilada ante el Tribunal de Primera Instancia.[51] De ordinario, cuando se señalan errores en la apreciación de la prueba y su admisibilidad, el derecho de apelación implica que sea perfeccionado mediante alguno de los mecanismos de recopilación de la prueba oral presentada ante el Tribunal de Primera Instancia, incluyendo la consideración del legajo y los respectivos alegatos de las partes.[52]

El Reglamento del Tribunal de Circuito de Apelaciones de 1995, _supra_, cuya intención fue hacer viable su funcionamiento de acuerdo con los propósitos de la Ley de la Judicatura de Puerto Rico de 1994, _supra_, contenía los mecanismos para presentar ante el Tribunal de Circuito de Apelaciones la prueba oral que desfiló ante el Tribunal de Primera Instancia para tomar la determinación sobre la revisión solicitada.[53] Como parte de dichos mecanismos, y en lo pertinente a la controversia de autos, la Regla 40 del antiguo Reglamento del Tribunal de Circuito de Apelaciones de 1995, _supra_, disponía que cuando alguna parte estimara que para la resolución de un recurso fuese necesario considerar alguna porción de la prueba oral, se debía incluir al legajo o al apéndice conjunto, una exposición estipulada, o en su defecto, una exposición narrativa o una transcripción de la prueba presentada.[54] Por su parte, la Regla 42 del mismo reglamento disponía:[55]

> (A)    El Tribunal de Circuito de Apelaciones, motu proprio o a solicitud de parte, podrá ordenar la preparación de una exposición narrativa de la prueba.
>
> (B)    La parte apelante o peticionaria, dentro del término de veinte (20) días de ordenada la preparación de una exposición narrativa de la prueba por el Tribunal de Circuito de Apelaciones, presentará dicha exposición ante el foro de primera instancia y la notificará a la parte contraria, la cual deberá presentar sus objeciones y proponer enmiendas dentro de los diez (10) días siguientes.
>
> Tanto la presentación de la exposición narrativa como de las objeciones deberán ser notificadas al Tribunal de Circuito de Apelaciones.
>
> Inmediatamente dicha exposición, con las objeciones o enmiendas, quedará sometida al Tribunal de Primera Instancia para su aprobación en el término de treinta (30) días. Al expirar el dicho plazo sin que se hubiere aprobado y sin que mediaren objeciones, se entenderá aprobada la exposición narrativa. Una vez resuelta las objeciones, si alguna, y aprobada la exposición narrativa de la prueba, el Secretario de dicho Tribunal le notificará al Secretario del Tribunal de Circuito de Apelaciones. Los términos antes dispuestos podrán ser prorrogados mediante moción debidamente fundamentada y por justa causa.

---

[51] _Depto. de la Familia v. Shivers Otero_, _supra_, a la pág. 832; _Maldonado Bermúdez v. Maldonado González_, _supra_.

[52] _Pueblo v. Calderón Hernández_, res. el 29 de mayo de 1998, 98 TSPR 54, 145 D.P.R. ___ (1998), 98 J.T.S. 66, a la pág. 985.

[53] Véase Reglas 40 a la 43 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, _supra_. El nuevo Reglamento del Tribunal de Circuito de Apelaciones de 1996 contiene disposiciones similares en las Reglas 19 y 20. 4 L.P.R.A. Ap. XXII-A R.19 y R.20.

[54] Regla 40 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, _supra_.

[55] Regla 42 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, _supra_.

(C)    Será responsabilidad de la parte apelante o peticionaria desplegar toda la diligencia requerida para dar cumplimiento a los plazos dispuestos en esta sección y notificar al Tribunal de Circuito de Apelaciones en caso de que no se haya cumplido con lo anterior. La omisión de la parte apelante o peticionaria de cumplir con dicho deber podrá ser fundamento para la desestimación del recurso conforme a la Regla 44.

(D)    A los fines de facilitar la preparación de una exposición narrativa de la prueba, los abogados podrán utilizar las grabaciones efectuadas con sus propias grabadoras según se autoriza en las Reglas de Administración para el Tribunal de Primera Instancia.

En el caso de autos, al no ponerse de acuerdo las partes para preparar una exposición estipulada, la parte apelante le solicitó al Tribunal de Circuito de Apelaciones que ordenara la preparación de una exposición narrativa de la prueba.  Dicho foro accedió a esta solicitud y ordenó a la parte apelante presentar la misma.  La parte apelante cumplió con lo ordenado, y las partes apeladas oportunamente presentaron sus objeciones y enmiendas.  Así pues, el Tribunal de Primera Instancia señaló una vista para discutir los asuntos relacionados con la exposición narrativa de la prueba; vista que fue pospuesta en varias ocasiones.  Aun cuando no surge de los recursos, si el Tribunal de Circuito de Apelaciones estaba enterado de dicho procedimiento ante el Tribunal de Primera Instancia,[56] lo cierto es que dicho foro emitió su sentencia sin que se perfeccionara el recurso mediante el recibo del apéndice conjunto, o de la elevación de los autos originales, de la exposición narrativa de la prueba, y de los alegatos de las partes apeladas, en clara contravención a lo dispuesto en la Regla 16 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, supra.[57]

---

[56]  La Regla 42 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, supra, impone a la parte apelante la responsabilidad de desplegar toda diligencia requerida y notificar al Tribunal de Circuito de Apelaciones en cuanto al cumplimiento con lo requerido en dicho reglamento con relación a la preparación de la exposición narrativa de la prueba.

[57]  La Regla 16 del Reglamento del Tribunal de Circuito de Apelaciones de 1995, supra, en lo pertinente dispone que:

(A) El apelante someterá al tribunal su alegato,... dentro de los treinta (30) días a partir del perfeccionamiento del recurso mediante el recibo de los autos originales y la exposición narrativa de la prueba o la transcripción de evidencia, según sea el caso.

(B) El apelado presentará su alegato,... dentro de los treinta (30) días del recibo de la copia del alegato del apelante.

(C) En los casos civiles, el escrito de apelación, conteniendo el señalamiento y discusión de los errores, constituirá el alegato de los apelantes, y no se permitirá uno suplementario, excepto por causa justificada y con permiso del Tribunal de Circuito de Apelaciones.  No se considerará ningún señalamiento de error omitido o no discutido en el escrito de apelación.  Dentro de los veinte (20) días de notificadas las partes de la presentación de los autos en apelación, la parte apelada presentará al Tribunal de Circuito de Apelaciones su alegato en el caso, con notificación a todas las partes, discutiendo cada uno de los errores señalados por el apelante en su escrito de apelación.

Concluimos que la actuación del foro recurrido es errónea. El Tribunal de Circuito de Apelaciones incumplió con su función revisora, al no permitir el perfeccionamiento del recurso de conformidad al ordenamiento jurídico vigente. En el caso ante nos, dicho Tribunal expresamente concluyó que el Tribunal de Primera Instancia había errado en su apreciación de la prueba.[58] Dado que es norma reiterada por este Tribunal que las determinaciones de hechos que hace el Tribunal de Primera Instancia merecen gran deferencia y respeto por la oportunidad que tuvo el juzgador de los hechos de observar y escuchar a los testigos,[59] la intervención del foro apelativo con esa prueba tiene que estar basada en un análisis independiente de la prueba desfilada y no a base de los hechos que exponen las partes.[60]

Aun cuando en el juicio en su fondo desfiló una gran cantidad de prueba pericial, y, según el ordenamiento jurídico un foro apelativo está en igual posición que el Tribunal de Primera Instancia para revisar esa prueba,[61] lo cierto es que el juez de instancia escuchó el testimonio de varios peritos en cuanto a diversos aspectos relacionados con los alegados vicios de construcción, y en esa ardua tarea, dirimió credibilidad en cuanto a los testimonios periciales en conflicto. Dicha credibilidad juega un papel importante en la determinación de responsabilidad de la parte demandada, ya que dependiendo de cuál testimonio pericial se acoja, variará la conclusión sobre responsabilidad de los demandados.

Por tanto, era imperativo que el Tribunal de Circuito de Apelaciones realizara una evaluación de la prueba vertida en el juicio por los testigos y peritos presentados por las partes, mediante la exposición narrativa de la prueba oral a ser aprobada por el Tribunal de Primera Instancia. Aun cuando no surge del expediente si el Tribunal de Circuito de Apelaciones conocía del señalamiento de la vista ante el Tribunal de Primera Instancia para discutir los asuntos sobre la exposición narrativa de la prueba, éste sí estaba al tanto de la controversia planteada, precisamente en cuanto a ese asunto. Todas las partes presentaron ante el Tribunal de Circuito de Apelaciones sus respectivos escritos en cuanto a la exposición narrativa de la prueba, además de varias mociones señalando la controversia surgida en cuanto a la misma. Como mínimo, el Tribunal de Circuito de Apelaciones debió

---

[58] Sentencia del Tribunal de Circuito de Apelaciones, Apéndice LXII del recurso de Certiorari (CC-97-331), pág. 1171; Apéndice LXXIX del recurso de Certiorari (CC-97-333), pág. 1134.

[59] Rolón v. Charlie Rental Car, Inc., res. el 2 de junio de 1999, 99 TSPR 83. 148 D.P.R. ___ (1999), 99 J.T.S. 89, a la pág. 1099; Huertas v. Cía. Fomento Recreativo, res. el 4 de noviembre de 1998, 98 TSPR 147. 147 D.P.R. ___ (1998), 98 J.T.S. 144, a la pág. 262; López Vicil v. ITT Intermedia, Inc. I, res. el 4 de abril de 1997, 142 D.P.R. ___ (1997), 97 J.T.S. 42, a la pág. 838.

[60] Pueblo v. Calderón Hernández, supra.

[61] Moreda v. Rosselli, res. el 3 de marzo de 2000, 2000 TSPR 56, 150 D.P.R. ___ (2000), 2000 J.T.S. 69, a la pág. 950; Dye-Tex P.R., Inc. v. Royal Ins. Co., P.R., res. el 27 de marzo de 2000, 2000 TSPR 54, 150 D.P.R. ___ (2000), 2000 J.T.S. 67, a la pág. 933.

hacer una determinación en cuanto a ese asunto. Como consecuencia de esto, el recurso de apelación ante el Tribunal de Circuito de Apelaciones nunca fue perfeccionado conforme a derecho, ya que carecía de una exposición narrativa de la prueba oral aprobada por el Tribunal de Primera Instancia, de los alegatos de las partes apeladas y del apéndice conjunto. Por tanto, el Tribunal de Circuito de Apelaciones no estaba en posición de resolver el recurso ante su consideración, y erró al así dictar la sentencia que revocó el dictamen apelado emitido por el Tribunal de Primera Instancia.

III

Por los fundamentos antes expuestos, procede expedir los autos solicitados, revocar la sentencia emitida por el Tribunal de Circuito de Apelaciones y devolver el caso a dicho foro para que lo resuelva, una vez se haya perfeccionado la apelación.

Se dictará sentencia revocatoria.


EFRAÍN E. RIVERA PÉREZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael Hernández Barreas y
Ludovigia Castrodad
Menéndez, etc.
   Demandantes-Recurridos

        v.

San Lorenzo Construction
Corp.
   Demandados-Peticionarios                CC-97-331         Certiorari
                                                  CC-97-333

Concreto Mixto, Inc. y otros
  Codemandados-Peticionarios

        v.

José Forastieri Lizardi
  Tercer Demandado

SENTENCIA

San Juan, Puerto Rico, a 20 de febrero de 2001.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expiden los autos solicitados y se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones.  Se devuelve el caso a dicho foro para que lo resuelva, una vez se haya perfeccionado la apelación.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.  El Juez Presidente señor Andréu García y el Juez Asociado señor Corrada del Río no intervinieron. El Juez Asociado señor Fuster Berlingeri concurre, sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo